THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00286-MR-DLH

| | | |
|---|---|---|
| MARY McNEILLY, Administrator of the Estate of ARCHIE K. McNEILLY, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| ALAN NORMAN, officially as Sheriff of Cleveland County, LIBERTY MUTUAL INSURANCE CO., as surety for the Sheriff, DURWIN BRISCOE, officially, DAVID GIBSON, A.D. McCRAY, BRITTANY MORTON, JAMES D. OAKS, JORDAN T. PERKINS, M.R. USSERY, TODD A. WYLLYS, R.N. WESTBROOK, each of them Individually and officially, SOUTHERN HEALTH PARTNERS, INC., and TERESA SMITH, CRYSTAL LAIL, PAMELA PATTERSON, and MANUEL MALDONADO, each of them individually, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Defendants Southern Health Partners, Inc., Teresa Smith, Crystal Lail, Pamela Patterson, and Manuel Maldonado [Doc. 27]; the Magistrate Judge's Memorandum and Recommendation [Doc. 31] regarding the disposition of that motion; and the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 32].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendants' motion and to submit a recommendation for its disposition.

On May 8, 2018, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the motion to dismiss. [Doc. 31]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed Objections on May 22, 2018. [Doc. 32]. The Defendants filed their Reply to the Plaintiff's Objections on June 4, 2018. [Doc. 33].

This case presents the Court with an issue that has apparently never previously been addressed: Does Rule 41 of the North Carolina Rules of Civil

Procedure serve to confer subject matter jurisdiction upon a federal district court to address a case that had previously been voluntarily dismissed without prejudice in state court?

It is clear that, when a plaintiff files a case in state court and thereafter seeks to remove that case, the federal court does not have subject matter jurisdiction. American Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). This is true even if the case could originally have been brought in the federal court. Oregon Egg Producers v. Andrew, 458 F.2d 382, 383 (9th Cir. 1972). This Court is a court of limited jurisdiction, and only has such subject matter jurisdiction as is conferred on it by the Constitution and acts of Congress. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). The removal statute, 28 U.S.C. § 1441(a), expressly limits the right of removal to *defendants*. As such, when a plaintiff attempts removal, the federal court cannot entertain the case even if the Court could otherwise have had subject matter jurisdiction over the matter. Id.; Oregon Egg, 458 F.2d at 383 ("A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court.").

Here, the Plaintiff originally filed her claims against Defendants Southern Health Partners, Inc., Teresa Smith, Crystal Lail, Pamela Patterson, and Manuel Maldonado in state court. She thereafter voluntarily dismissed th matter without prejudice, pursuant to Rule 41 of the North Carolina Rules of Civil Procedure. In so doing, pursuant to state statute, the Plaintiff had one year to re-file her case, even if the statute of limitations had otherwise expired in the interim. The Plaintiff re-filed her case within that one-year period, but not in state court. She chose, instead, to re-file in federal court. The *effect* is for the Plaintiff to have used North Carolina Rule 41 to remove her case from state court to federal court, notwithstanding the prohibition against doing so.

The Plaintiff relies, in large measure, on Tompkins v. Log Systems, Inc., 96 N.C. App. 333, 385 S.E.2d 545 (1989), arguing that she has not removed her case to this Court, but rather has filed it anew because "a voluntary dismiss without prejudice of [a state court action] . . . was as if the suit had never been filed." Id. at 335, 385 S.E.2d at 347. This quote, however, shows that the Plaintiff argues form (i.e., dismissal and re-filing) over substance (the case that was pending in state court now lies in federal court). That formal argument is dependent upon a legal fiction: it is "*as if* the suit had never been filed" in state court. The truth, however, is that the case

*had* previously been filed in state court. Federalism dictates that the federal court's limited removal jurisdiction be narrowly construed. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Therefore, a jurisdictional argument that relies on form and fiction over substance must fail. The Plaintiff's case has, in substance, been removed from state court to federal court, albeit by an "alternative" procedure. As 28 U.S.C. § 1441(a) allows removal only by defendants, not plaintiffs, this Court has no subject matter jurisdiction. Oregon Egg, 458 F.2d at 383.

The Plaintiff argues that she had no choice but to originally file this action in state court in order to take advantage of the 120-day extension of the statute of limitations afforded by Rule 9(j) of the North Carolina Rules of Civil Procedure. The Court takes no position on whether Rule 9(j) could have been employed in this Court. Even if it could not (as the Plaintiff supposes), that avails the Plaintiff nothing. Rule 9(j), just like Rule 41, creates a procedure unique to North Carolina state courts. These North Carolina rules cannot expand federal jurisdiction in North Carolina in a manner that is unavailable in all other states. Such rules may extend the statute of limitations (in which the federal courts follow state law), but subject matter jurisdiction of the United States District Courts is a matter left to Congress, not to the separate state legislatures.

Curiously, the Plaintiff asserts that "the right to file in federal court after dismissing the state court action is *well-established and non-controversial*." [Doc. 32 at 12 (emphasis added)]. The Plaintiff provides only one oblique citation to any federal case, Porter v. Groat, 713 F. Supp. 893 (M.D.N.C. 1989), to support that proposition. That case, however, addressed only the question of whether the statute of limitations extension provision of Rule 41 of the North Carolina Rules of Civil Procedure applied in federal court. See id. at 896-97. Of course, the federal courts are bound by state statute of limitations because they are substantive in nature. Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945). Porter did not address in any manner the question of subject matter jurisdiction.

The Plaintiff also argues that the case cannot be dismissed because this Court has subject matter jurisdiction pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Whether the Plaintiff could have filed this matter in this Court is irrelevant. Removal is prohibited to a plaintiff, regardless of whether the federal court would otherwise have had subject matter jurisdiction. See Oregon Egg, 458 F.2d at 383.[1]

---

[1] The Plaintiff also argues, without any citation to authority, that the Court's dismissal of this action "would serve as the second dismissal of the action and could represent a judgment on the merits for those Defendants under state and federal Rule 41." [Doc. 32

It is also noted that the Plaintiff brought this state court action to this Court via a rather circuitous path. The Plaintiff voluntarily dismissed the state case and then moved to amend her Complaint in this case to add all the claims herein against the new Defendants who were the Defendants in the state case. [Doc. 13]. Notwithstanding the original Defendants' lack of consent, the Magistrate Judge granted the motion and allowed the Plaintiff to amend. [Doc. 18]. Such motion was improvidently granted and should have been denied as futile because this Court does not have subject matter jurisdiction over the claims against these new Defendants. For this reason, the Magistrate Judge's Order [Doc. 18] allowing the amendment will be vacated.

Lastly, the Defendants move to dismiss these claims with prejudice. Since the dismissal, however, is for lack of subject matter jurisdiction, the dismissal will be without prejudice.

In sum, the burden was on the Plaintiff to demonstrate the existence of subject matter jurisdiction in this Court with regard to the claims against the Defendants Southern Health Partners, Inc., Teresa Smith, Crystal Lail, Pamela Patterson, and Manuel Maldonado, and the Plaintiff has failed to

---

at 14]. Rule 41(a)(1) of the North Carolina Rules of Civil Procedure, however, provides that only a second *voluntary* dismissal "operates as an adjudication upon the merits."

meet that burden.  Accordingly, for the reasons set forth above, and after careful consideration of the Memorandum and Recommendation and the Plaintiff's Objections thereto, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law.  The Court therefore overrules the Plaintiff's Objections and accepts the Magistrate Judge's recommendation that the motion to dismiss should be granted in part and the Plaintiff's claims against Defendants Southern Health Partners, Inc., Teresa Smith, Crystal Lail, Pamela Patterson, and Manuel Maldonado should be dismissed, but that the dismissal should be without prejudice rather than with prejudice as requested.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 32] are **OVERRULED**; the Memorandum and Recommendation [Doc. 31] is **ACCEPTED**; the Magistrate Judge's Order allowing the amendment to the Complaint [Doc. 18] is hereby **VACATED**; and the Defendants' Motion to Dismiss [Doc. 27] is **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Motion [Doc. 27] is **GRANTED** to the extent that the Plaintiff's claims against the Defendants Southern Health Partners, Inc., Teresa Smith, Crystal Lail, Pamela Patterson, and Manuel Maldonado are **DISMISSED WITHOUT**

**PREJUDICE**. The Motion [Doc. 27] is **DENIED** to the extent that the Defendants sought dismissal with prejudice.

**IT IS SO ORDERED.**

Signed: August 7, 2018

Martin Reidinger
United States District Judge