# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:17-cv-00286-MR-DLH

| | |
|---|---|
| MARY McNEILLY, Administrator of the Estate of ARCHIE K. McNEILLY, JR., )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALAN NORMAN, officially as Sheriff )<br>of Cleveland County, LIBERTY )<br>MUTUAL INSURANCE CO., as surety )<br>for the Sheriff, DURWIN BRISCOE, )<br>officially, DAVID GIBSON, A.D. )<br>McCRAY, BRITTANY MORTON, )<br>JAMES D. OAKS, JORDAN T. )<br>PERKINS, M.R. USSERY, TODD A. )<br>WYLLYS, R.N. WESTBROOK, each )<br>of them individually and officially, )<br>SOUTHERN HEALTH PARTNERS, )<br>INC., TERESA SMITH, CRYSTAL LAIL, )<br>PAMELA PATTERSON, and )<br>MANUEL MALDONADO, each of )<br>them individually, )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Certify Order for Appeal [Doc. 40].

**I.     PROCEDURAL BACKGROUND**

The Plaintiff, Mary McNeilly, as Administrator of the Estate of Archie K. McNeilly, Jr., asserts claims arising from the alleged deprivation of medical treatment during Mr. McNeilly's incarceration in the Cleveland County Jail from May 4, 2015 to May 12, 2015.  The Plaintiff originally filed this action in the General Court of Justice Superior Court Division in Cleveland County, North Carolina, under file number 17-CVS-816 on May 12, 2017 ("the First Case").  [Doc. 1-1].  The Plaintiff's original suit named as Defendants Alan Norman, Liberty Mutual Insurance, Durwin Briscoe, David Gibson, A.D. McCray, Brittany Morton, James D. Oaks, Jordan T. Perkins, M.R. Ussery, Todd A. Wyllis, and R.N. Westbrook.  [Id.].

On September 11, 2017, the Plaintiff filed a second action in the General Court of Justice Superior Division in Cleveland County, North Carolina under file number 17-CVS-748, asserting claims for wrongful death and under 42 U.S.C. § 1983 against the Defendants Southern Health Partners, Inc., Teresa Smith, Crystal Lail, Pamela Patterson and Manuel Maldonado (hereinafter "SHP Defendants"), arising from the SHP Defendants' medical treatment of Mr. McNeilly during his incarceration in the Cleveland County Jail ("the Second Case").  The Plaintiff filed this second state court action after obtaining a 120-day extension of the statute of

limitations for the Plaintiff's wrongful death claim pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure.

On October 16, 2016, the Defendants Alan Norman, Liberty Mutual Insurance Company, Durwin Briscoe, David Gibson, A.D. McCray, Brittany Morton, James D. Oaks, Jordan T. Perkins, M.R. Ussery, Todd A. Wyllis, and R.N. Westbrook removed the First Case from Cleveland County Superior Court to the United States District Court for the Western District of North Carolina based on federal question jurisdiction. [Doc. 1].

On November 28, 2017, the Plaintiff voluntarily dismissed the Second Case in state court against the SHP Defendants. On that same day, November 28, 2017, the Plaintiff filed a Motion to Amend her Complaint in the present federal action in order to add the SHP Defendants. [Doc. 13]. On December 6, 2017, this Court granted the Plaintiff leave to amend her Complaint. [Doc. 18]. The Plaintiff then filed a Second Amended Complaint asserting claims against the SHP Defendants pursuant to 42 U.S.C. § 1983 and a state law claim for wrongful death under the supplemental jurisdiction of this Court. [Doc. 19].

On February 5, 2018, the SHP Defendants moved to dismiss the Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction. [Doc. 27]. On May 8, 2018, the Honorable Magistrate Judge Howell issued a

Memorandum and Recommendation recommending that the SHP Defendants' Motion to Dismiss be granted and the claims against the SHP Defendants be dismissed *without prejudice* for lack of subject matter jurisdiction. [Doc. 31]. This Court adopted the Memorandum and Recommendation on August 7, 2018, concluding that dismissal of the SHP Defendants was proper due to a lack of subject matter jurisdiction.[1] [Doc. 34].

The Plaintiff now moves pursuant to 28 U.S.C. § 1292(b) and Rule 54(b) of the Federal Rules of Civil Procedure to certify for appeal the Order dismissing the SHP Defendants without prejudice from this action. [Doc. 40]. The SHP Defendants oppose the Plaintiff's motion. [Doc. 45].

## II. DISCUSSION

The Fourth Circuit Court of Appeals may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. Smith v. Miro, 23 F. App'x 124. 125 (4th Cir. 2001) (citing 28 U.S.C. §§ 1291, 1292 and Fed. R. Civ. P. 54(b)). For this reason, the Plaintiff moves the Court to certify the August 7, 2018 Order dismissing the SHP Defendants as an interlocutory

---

[1] Because the Court concluded that it did not have subject matter jurisdiction over the Plaintiff's claims against the SHP Defendants, the Court concluded that the Plaintiff's motion to amend was improvidently granted and should have been denied as futile. For this reason, the Court vacated both the Magistrate Judge's Order allowing the amendment [Doc. 18] as well as the Second Amended Complaint [Doc. 19].

4

order pursuant to § 1292(b) or as final order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

### A. Certification under § 1292(b)

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation…." 28 U.S.C. § 1292(b). The Fourth Circuit has cautioned that § 1292(b) should be used only "sparingly" and that "its requirements must be strictly construed." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989); see also City of Charleston v. Hotels.Com, LP, 586 F. Supp. 2d 538, 542 (D.S.C. 2008) (explaining that "certification of an interlocutory appeal should generally be limited to extraordinary cases where significant effort and expense would be spared by appellate review prior to the entry of final judgment"). The burden is on the movant to demonstrate that the extraordinary relief of certification under § 1292(b) is warranted. See State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 853 (E.D.N.C. 1995).

Here, the Plaintiff has failed to show that the Court's Order creates a substantial ground for difference of opinion. "An issue presents a substantial

ground for a difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." Lynn v. Monarch Recovery Mgmt. Inc., 953 F. Supp. 2d 612, 624 (D. Md. 2013) (emphasis in original). Here, the Plaintiff makes no argument of a substantial difference in opinion amongst various courts with respect to the interpretation of 28 U.S.C. § 1441. Rather, the Plaintiff contends that the Court's Order creates a substantial ground for a difference of opinion because the issue addressed appears to be one of first impression. This fact alone, however, is insufficient to warrant certification for appellate review. "The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Id. at 624. As such, the Plaintiff has failed to show that there is a substantial difference in opinion which would warrant certification of the Court's Order dismissing the SHP Defendants.[2]

Further, the Plaintiff has failed to show that appeal of the Court's Order dismissing the SHP Defendants would materially advance the disposition of

---

[2] While it does not appear that any court within the Fourth Circuit has addressed whether North Carolina Rule 41 serves to confer subject matter jurisdiction upon a federal district court [see Doc. 34 at 2-3], the more general issue of whether a plaintiff can effectively remove a state action to federal court is not one of first impression, as it has been previously decided by the Ninth Circuit, American Int'l Underwriters (Philippines) Inc. v. Continental Ins. Co., 843 F.2d 1253 (9th Cir. 1988); Oregon Egg Producers v. Andrew, 458 F.2d 382 (9th Cir. 1972), and addressed by the United States Supreme Court, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

this litigation. The Plaintiff makes no argument that the overall termination of this litigation would be shortened by appellate review of the Court's interlocutory Order dismissing only the SHP Defendants. In fact, the opposite is true. The Plaintiff's First Case, which was properly removed to this Court and remains pending against eleven Defendants, would have to be stayed and could not advance at all while the Plaintiff prosecutes such appeal regarding the SHP Defendants – defendants whom the Plaintiff sued in an entirely separate action to start with. This does not advance the termination of the litigation, but rather hinders it.

The Plaintiff merely argues that without an immediate appeal, the Plaintiff faces a risk of inconsistent verdicts and the possibility of the Defendants pointing to "empty chairs" in two separate trials. These risks arose, however, not because of the Court's Order but rather as a result of the Plaintiff's decision to file multiple state lawsuits and then attempt to remove one of them (the one against the SHP Defendants) to federal court.

For all these reasons, the Court concludes that the Plaintiff has failed to demonstrate that certification of the Court's Order is warranted under 28 U.S.C. § 1292(b).

## B. Certification under Fed. R. Civ. P. 54(b)

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). To certify an order under Rule 54(b) requires two steps. First, the Court must determine whether the judgment is "final," that is, whether the order is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993) (citation and internal quotation marks omitted). Second, the Court must determine whether there is "no just reason for the delay" in the entry of a judgment. Id. In making this determination, the Court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay,

> economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 1335-36 (citations omitted). The burden is on the movant to establish that Rule 54(b) certification is warranted. Id. at 1335. Ultimately, it is within the Court's sound discretion "to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (citation and internal quotation mark omitted). Such discretion should be exercised "in the interest of sound judicial administration." Id. (citation omitted).

Here, the Court's Order does not constitute the "ultimate disposition of the claims" pending against the SHP Defendants. Rather, it is a dismissal *without prejudice* of such claims, thereby allowing the Plaintiff the opportunity to re-file the action in state court.[3] Further, resolution of the issue on which the Plaintiff seeks to appeal does nothing to advance the termination of the litigation against those Defendants who remain in the action still pending in this Court. Yet, the Court would be constrained to delay that action while the

---

[3] The Plaintiff continues to argue that the Court's dismissal of the SHP Defendants from this federal action would somehow preclude the refiling of the action in state court under Rule 41. Rule 41(a)(1) of the North Carolina Rules of Civil Procedure, however, provides that only a second *voluntary* dismissal "operates as an adjudication upon the merits." Thus, so long as Plaintiff's counsel re-files the action in state court in a timely fashion, the present dismissal would not appear to operate as a procedural bar.

Plaintiff litigates her claims against the SHP Defendants before the Court of Appeals.  The Court finds that judicial economy would not be served under these circumstances.  Accordingly, in the exercise of its discretion, the Court denies the Plaintiff's request for certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Certify Order for Appeal [Doc. 40] is **DENIED**.

**IT IS SO ORDERED.**        Signed: October 10, 2018

Martin Reidinger
United States District Judge