# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### CIVIL CASE NO. 1:17-cv-00286-MR-DLH

| | |
|---|---|
| MARY McNEILLY, Administrator of the Estate of ARCHIE K. McNEILLY, JR., )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALAN NORMAN, officially as Sheriff of Cleveland County, LIBERTY MUTUAL INSURANCE CO., as surety for the Sheriff, DURWIN BRISCOE, officially, DAVID GIBSON, A.D. McCRAY, BRITTANY MORTON, JAMES D. OAKS, JORDAN T. PERKINS, M.R. USSERY, TODD A. WYLLYS, R.N. WESTBROOK, each of them individually and officially, SOUTHERN HEALTH PARTNERS, INC., TERESA SMITH, CRYSTAL LAIL, PAMELA PATTERSON, and MANUEL MALDONADO, each of them individually, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Reconsider [Doc. 49].

The Plaintiff moves the Court to reconsider its August 7, 2018 Order [Doc. 34] dismissing Southern Health Partners, Inc., Teresa Smith, Crystal Lail, Pamela Patterson, and Manuel Maldonado ("the SHP Defendants") from this action and its October 19, 2018 Order [Doc. 47] denying certification of the August 7, 2018 Order for an appeal. [Doc. 49].

The Court may grant a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure only in the following circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at 708. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W.Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.

1995)). Here, the Plaintiff argues that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice.

This is now the Plaintiff's third attempt to litigate the same issues that have been previously addressed by two judges of this Court. The Plaintiff makes the same arguments and cites to the same authorities she previously presented in her Response in opposition to the Defendants' Motion to Dismiss, and her Objections to the Memorandum and Recommendation. While the Plaintiff argues that the Court's decision is "clearly erroneous," the Plaintiff focuses her argument on the tolling provisions applicable to 42 U.S.C. § 1983 claims. Those tolling provisions pertain to the issue of whether these claims were timely filed. The applicability of the statute of limitations, however, was not the central issue that was presented to this Court nor was it the focus of this Court's Orders. The Defendants have not even asserted that the statute of limitations had expired. Rather, the central issue presented concerned the Plaintiff's attempted removal of a case from state court to federal court. The Order of this Court concerns the legal conclusion that the federal court does not have subject matter jurisdiction when a plaintiff takes actions that in substance and in effect serves to remove a case to federal court after that respective plaintiff has already chosen to file her case in the state court forum.

This ruling follows the plain language of 28 U.S.C. § 1441 and the congressional intent behind this statute to limit removal to only defendants. This Court also properly relied on authority of the Supreme Court and the Ninth Circuit, whose decisions clearly show that 28 U.S.C. § 1441 expressly limits the right of removal to defendants and that when a plaintiff attempts removal, such as in the present case, the federal court will not have subject matter jurisdiction over the action. For all these reasons, the Plaintiff's motion for reconsideration of the August 7, 2018 Order dismissing her claims against the SHP Defendants is denied.

The Plaintiff has also failed to show a basis for reconsideration of this Court's Order denying Plaintiff's Motion to Certify Order for Appeal. The Plaintiff argues only one basis for reconsideration of this Court's denial of Plaintiff's motion, namely that she is unable to refile her 42 U.S.C. § 1983 claims in state court. [Doc. 50 at 16]. In so arguing, the Plaintiff raises the same arguments that have already been addressed by this Court. Moreover, the Plaintiff's primary argument for reconsideration – that she is unable to refile her § 1983 claim -- is belied by the fact that she in fact refiled her claims, including her § 1983 claim, against the SHP Defendants in state court on November 16, 2018. [See Doc. 61-1].

In sum, the Plaintiff has not raised any additional facts or made any additional argument to establish that the Order Denying Plaintiff's Motion to Certify Order for Appeal was clearly erroneous or that reconsideration is necessary to prevent manifest injustice. Accordingly, the Plaintiff's motion for reconsideration of that Order is also denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Reconsider [Doc. 49] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 22, 2019

Martin Reidinger
United States District Judge